IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY KENDRICKS,

      Plaintiff,                         No. CIV S-07-1340 GEB KJM P

    vs.

WARDEN, CALIFORNIA STATE
PRISON, SACRAMENTO, et al.,

      Defendants.             ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be

1

collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 126 S.Ct. 1955, 1964-65 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"" Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197 (2007). In reviewing a complaint under this

standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff complains that certain correctional officers used a milk crate as a step to load prisoners into a van. When plaintiff stepped on the crate, it became unsteady and he fell, injuring his shoulder and back. He has not received adequate treatment for the pain nor have his chronos for a lower bunk and for other measures to deal with his pain been honored. He also suggests that various officials have not responded to his grievances (602s) adequately.

There is no right to an inmate grievance procedure, so the claims based on the handling of plaintiff's grievance have no place in an amended complaint. Mann v. Adams, 846 F.2d 589 (9th Cir. 1988).

Similarly, although the correctional officers' use of the milk crate may have been negligent, carelessness does not rise to the level of an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994) ("For a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."); Baker v. Delo, 38 F.3d 1024, 1027 (8th Cir. 1994) (careless action does not equate to deliberate indifference or knowing recklessness sufficient to impose liability under the Eighth Amendment). As the Supreme Court has recognized, "[t]he question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." Farmer, 511 U.S. at 843 (internal quotation & citation omitted). Plaintiff will, however, be given the opportunity to amend this portion of his complaint.

Plaintiff's complaint about medical care and about prison authorities' refusal to honor his chronos may state a claim for deliberate indifference. However, plaintiff has not named those he believes to be responsible for the failure and refusal to act. A plaintiff must connect the named defendants clearly with the claimed denial of his rights. Farmer, 511 U.S.

1  837 (official's liability for deliberate indifference to assault requires that official know of and
2  disregard an "excessive risk"); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability
3  under section 1983 arises only upon a showing of personal participation by the defendant
4  (citation omitted) . . . [t]here is no respondeat superior liability under section 1983"); <u>Johnson v.
5  Duffy</u>, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section
6  1983 cases between named defendant and claimed injury);  <u>Barren v. Harrington</u>, 152 F.3d 1193,
7  1194-95 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an
8  individual was personally involved in the deprivation of his civil rights.").

9  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
10 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See
11 Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
12 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
13 there is some affirmative link or connection between a defendant's actions and the claimed
14 deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.
15 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
16 allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of
17 Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

18 In addition, plaintiff is informed that the court cannot refer to a prior pleading in
19 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
20 amended complaint be complete in itself without reference to any prior pleading.  This is
21 because, as a  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux
22 v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
23 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
24 original complaint, each claim and the involvement of each defendant must be sufficiently
25 alleged.
26 /////

4

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: November 16, 2007.

_____
U.S. MAGISTRATE JUDGE

2
kend1340.14