IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY KENDRICKS,

      Plaintiff,                    Civ. No. S-07-1340 GEB KJM P

    vs.

WARDEN, CALIFORNIA STATE
PRISON, SACRAMENTO, et al.,

      Defendants.          ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  On November 16, 2007, the court dismissed plaintiff's complaint but gave him leave to file an amended complaint.  Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

1

28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964-65 (2007). A complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197 (2007). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that he was injured in an accidental fall and then improperly transported to an already scheduled doctor's appointment, which exacerbated the injuries suffered in the fall. Plaintiff alleges that the MTA wrote an accident report and gave him some medication, even though it was not prescribed by a doctor. He avers that defendant Sogge, his doctor, did not treat his injuries, but rather told him to submit a sick call slip. He also alleges that even though Dr. Duro ordered X-rays, the X-rays were not taken until five months after the accident. Plaintiff does not connect Dr. Duro to the delay. In addition, in his list of defendants, plaintiff names a number of doctors and correctional officers, but does not clearly tie them to the delay in receiving medical care. His conclusory allegations against MTA Howe are closer to stating a claim for deliberate indifference, but plaintiff does not, for example, describe how the

medication given to him by the MTA endangered him.  His claim against Dr. Sogge, as it now stands, does not state a claim of deliberate indifference for, according to plaintiff's own account, Dr. Sogge believed that the pain from the fall may have been magnified as the result of a prescribed medication rather than the severity of the injuries.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

1  original complaint, each claim and the involvement of each defendant must be sufficiently
2  alleged.
3        Plaintiff has asked the court to direct CDCR to provide him with records which
4  will show the names of various participants in his medical care.  He has not shown, however,
5  that he has asked to review his medical file, which would contain the necessary information.
6        Finally, the scanned copy of plaintiff's amended complaint is very difficult to
7  read; the original should be maintained in a case file.
8        In accordance with the above, IT IS HEREBY ORDERED that:
9        1. The Clerk of the Court is directed to maintain the amended complaint (docket
10 no. 13) in a case file designated for this case;
11       2. Plaintiff's request that the court order the warden to provide documents is
12 denied without prejudice;
13       3. Plaintiff's complaint is dismissed;
14       4. Plaintiff is granted thirty days from the date of this order to file a second
15 amended complaint.  Plaintiff's second amended complaint shall comply with the requirements
16 of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice;
17 the second amended complaint must bear the docket number assigned this case and must be
18 labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance
19 with this order will result in a recommendation that this action be dismissed; and
20       5. The Clerk of the Court is directed to send plaintiff the form for a civil rights
21 action by a prisoner.
22 DATED: July 7, 2008.

U.S. MAGISTRATE JUDGE

2
kend1340.14am